693



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Alton C. Arnold
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:                           Opinion No. O-7385

Re: Interpretation of Article 3264a,
R.C.S. relative to the right of
eminent domain and the power of
a county of the State to condemn
land for public purposes.

From an examination of your opinion request, it is be-
lieved the following states your question.

Does Article 3264a, V.A.C.S. give Brazoria County,
Texas, the right of eminent domain for the purpose of
condemning and acquiring right of way or easement in
land, private or public, except land used for cemeter-
ies, where said land, right of way, or easement is neces-
sary to the construction of a sewerage disposal dump,
this condemnation proceeding being a county project?

Before we can answer your question categorically, two
facts must be determined by your Commissioners Court, viz;

(1) Whether the building of the sewerage disposal
dump for an unincorporated town is "county busi-
ness" and

(2) Whether the sewerage disposal dump in question
is to be used for a "public purpose"?

If both facts required by 1 and 2 can be found to exist,
under the holding in Malloy v. Galveston County, 42 S.W. (2) 163
considered along with Article 2352, V.A.C.S., it is our opinion
that the question should be answered in the affirmative.

Article 3264a, V.A.C.S., is quoted in full as follows:

"The right of Eminent Domain is hereby conferred
upon counties of the State of Texas for the purpose of
condemning and acquiring land, right of way or easement
in land, private or public, except property used for

Hon. Alton C. Arnold, Page 2

cemetery purposes, where said land, right of way or easement is necessary in the construction of jails, courthouses, hospitals, delinquent and dependent schools, poor farms, libraries or for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or Statutes of this State.

"All such condemnation proceedings shall be instituted under the direction of the commissioners' court, and in the name of the county, and the assessing of damages shall be in conformity to the Statutes of the State of Texas, for condemning and acquiring right of way by railroads. That no appeal from the finding and assessment of damages by the commissioners appointed for that purpose shall have the effect of causing the suspension of work by the county in connection with which the land, right of way, easement, etc., is sought to be acquired. In case of appeal, counties shall not be required to give bond, nor shall they be required to give bond for costs. Acts 1925, p. 300. Acts 39th Leg., ch. 116, §§ 1."

Article 2352 is as follows:

"Said court shall have the power to levy and collect a tax for county purposes, not to exceed twenty-five cents on the one hundred dollars valuation, and a tax not to exceed fifteen cents on the one hundred dollars valuation to supplement the jury fund of the county, and not to exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment to the Constitution, September 25, A.D. 1883, and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as in the Constitution otherwise provided. They may levy an additional tax for road purposes not to exceed fifteen cents on the one hundred dollar valuation of the property subject to taxation, under the limitations and in the manner provided for in Article 8, Sec. 9, of the Constitution and in pursuance of the laws relating thereto. Const. Art. 8, Sec. 9; Amendment 1899."

"County business" is briefly discussed here but this does

Hon. Alton C. Arnold, Page 3

not purport to be a comprehensive study of the subject. Reference is made to Opinion No. O-6441 addressed to Hon. Alton C. Arnold, Angleton, Texas.

Article 5, Section 18, Texas Constitution, reads in part as follows:

" . . . . . . Each county shall in like manner be divided into four commissioners' precincts in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." (Emphasis ours)

Whether or not the condemning of a sewerage disposal dump by Brazoria County for Brazoria Health Unit, is "county business" we do not attempt to say; the facts in your particular case will determine. "County Business" is discussed in Texas Jurisprudence, Volume 11, p. 564, sections 37 and 38, which are as follows:

"37. Commissioners' Courts are courts of general jurisdiction when acting within the sphere of the powers and duties conferred upon them, and the judgments of these courts are entitled to the same consideration as those of other constitutional courts. Their judgments may not be collaterally attacked. They have been given the power to punish contempts committed against them; and for an erroneous exercise of this power they may claim the immunities pertaining to a court of general jurisdiction.

"Commissioners' Courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law--that is, by the constitution and statutes of the state."

"38. The jurisdiction of commissioners' courts is limited to strictly 'county business,' and the legislature has no authority to enlarge their powers or jurisdiction. Any attempt to confer upon the court jurisdiction of a matter which is not 'county business' is void. However, the county commissioners' court is the active governing body of the county, with a jurisdiction that touches in some respect almost every feature of the county's business, and the court has full and general charge of the business affairs of the county. The power of the court extends only to such business as is entrusted to it by the constitution or by the legislature; and the legislature may, if it chooses, commit a matter of county business to some agency other than the commissioners court. The term 'county business' should be given a broad and liberal construction so as not to defeat the purposes of the law. And it is held that the commissioners' courts have implied authority to do what may be necessary in the exercise of the duties or powers conferred upon them."

In Sun Vapor Electric Light Co. v. Kenan, Sup. Ct. 30 S.W. 868, where creditors wanted the Commissioners' Court to take over the administration of the affairs of a dissolved corporation (city) and distribute the proceeds received from the assets to the creditors of the city, it is held that under Article 5, Sec. 18, Texas Constitution, the powers which the Legislature may require them (Commissioners' Court) to exercise are confined by this section to "County Business."

In Galveston County vs. Gresham, 220 S.W. 560, Galveston Court of Civil Appeals, it is held:

"The construction of a seawall within the limits of a city for the protection of the lives and property of the inhabitants of the county is 'county business' within the jurisdiction of the Commissioners' Court under Article 11, Sec. 7 and Article 5, Sec. 18 of the Texas Constitution."

Wharton County Drainage Dist. v. Higbee, et al 149 S.W. 381 at page 388, Court of Civil Appeals, Galveston, rehearing denied:

"A drainage district organized under Acts 30th Leg. c 40 amended by Acts 31st Leg. c 13 enacted under express authority of constitutional amendment, Article 3, Sec. 52 belongs to a class different from a city or town, and is a part of the county and hence such statute by imposing

69

upon the Commissioners' Court certain powers and duties with reference to drainage districts is not unconstitutional under Constitutional Article 5, Section 18, providing that the Commissioners' Court shall exercise such powers and jurisdiction over all 'county business' as is or may be conferred by law; the business of the drainage district being county business."

Yours very truly

ATTORNEY GENERAL OF TEXAS

Fancher Archer
Assistant.

APPROVED SEP 24, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

FA/JMc


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN